```
 1                  UNITED STATES DISTRICT COURT

 2                 CENTRAL DISTRICT OF CALIFORNIA

 3                            ---

 4      HONORABLE STEPHEN V. WILSON, DISTRICT JUDGE PRESIDING

 5
                                ---
 6

 7  UNITED STATES OF AMERICA,       )
                                    )
 8          PLAINTIFF,              )
                                    )
 9          VS.                     )  CASE NO. CR 09-230(A)-SVW
                                    )  10:17 A.M. TO 10:28 A.M.
10  JUNIOR PEREZ MENDOZA,           )
    AKA GERMAINE PEREZ CUEVAS,      )
11                                  )
            DEFENDANT.              )
12  _____)

13

14

15

16              REPORTER'S TRANSCRIPT OF PROCEEDINGS
                         MOTIONS CALENDAR
17
                      LOS ANGELES, CALIFORNIA
18                     MONDAY, JULY 27, 2009

19

20

21

22                     MARGARET J. BABYKIN
                          COURT REPORTER
23              442 - U. S. DISTRICT COURTHOUSE
                     312 NORTH SPRING STREET
24              LOS ANGELES, CALIFORNIA  90012
                         (626) 963-0566
25
```

```
 1   APPEARANCES:

 2   ON BEHALF OF THE PLAINTIFF:

 3         THOMAS P. O'BRIEN
           UNITED STATES ATTORNEY
 4         CHRISTINE C. EWELL
           ASSISTANT UNITED STATES ATTORNEY
 5         CHIEF, CRIMINAL DIVISION
           BY:  JEFF MITCHELL
 6              ASSISTANT UNITED STATES ATTORNEY
           312 NORTH SPRING STREET
 7         LOS ANGELES, CALIFORNIA  90012

 8   ON BEHALF OF THE DEFENDANT:

 9         SEAN K. KENNEDY
           FEDERAL PUBLIC DEFENDER
10         BY:  HAYNE YOON
                DEPUTY FEDERAL PUBLIC DEFENDER
11         321 EAST SECOND STREET
           LOS ANGELES, CALIFORNIA  90012
12
     SPANISH-LANGUAGE INTERPRETER:  VICTORIA BARCELONA
13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                         I N D E X

 2   CR 09-230(A)-SVW                              JULY 27, 2009

 3   HEARING:   CHANGE OF PLEA

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1            LOS ANGELES, CALIFORNIA; MONDAY, JULY 27, 2009; 10:17 A.M.
 2                 THE CLERK:  ALL RISE.  THIS UNITED STATES DISTRICT
 3   COURT IN AND FOR THE CENTRAL DISTRICT IS NOW IN SESSION.
 4                 THE HONORABLE STEPHEN V. WILSON, JUDGE, PRESIDING.
 5                 PLEASE BE SEATED AND COME TO ORDER.
 6                 ITEM ONE, CR 09-230-SVW, UNITED STATES OF AMERICA
 7   VERSUS JUNIOR PEREZ MENDOZA.
 8                 COUNSEL, PLEASE STATE YOUR APPEARANCES.
 9                 MR. MITCHELL:  GOOD MORNING, YOUR HONOR.
10                 JEFF MITCHELL FOR THE UNITED STATES.
11                 MS. YOON:  GOOD MORNING, YOUR HONOR.
12                 HAYNE YOON FOR MR. GERMAINE MENDOZA.  HE IS PRESENT
13   BEFORE THE COURT IN CUSTODY.  AND HE'S BEING AIDED BY THE
14   SPANISH-LANGUAGE INTERPRETER.
15                 THE CLERK:  THE DEFENDANT WILL PLEASE STATE HIS
16   NAME.
17                 THE DEFENDANT:  GERMAINE PEREZ CUEVAS.
18                 THE CLERK:  IS THAT YOUR TRUE AND CORRECT NAME?
19                 THE DEFENDANT:  YES.
20                 THE CLERK:  IS IT NOW YOUR INTENTION TO WITHDRAW YOUR
21   NOT GUILTY PLEA SO THAT YOU CAN ENTER A PLEA OF GUILTY TO COUNT
22   ONE OF THE FIRST SUPERSEDING INDICTMENT?
23                 THE DEFENDANT:  YES.
24                 THE CLERK:  HOW DO YOU NOW PLEAD TO COUNT ONE OF THE
25   FIRST SUPERSEDING INDICTMENT, GUILTY OR NOT GUILTY.
```

```
 1              THE DEFENDANT:  GUILTY.
 2              THE CLERK:  THE COURT IS GOING TO ASK YOU SOME
 3   QUESTIONS WHILE UNDER OATH.
 4              PLEASE RAISE YOUR RIGHT HAND.
 5              DEFENDANT JUNIOR PEREZ MENDOZA,
 6              AKA GERMAINE PEREZ CUEVAS, SWORN:
 7              THE DEFENDANT:  YES.
 8              THE CLERK:  THANK YOU.
 9              THE COURT:  MR. MENDOZA, I AM GOING TO ASK YOU SOME
10   QUESTIONS WHICH ARE DESIGNED TO ASSURE ME THAT YOUR GUILTY PLEA
11   IS FREELY AND VOLUNTARILY MADE AND THAT THERE IS A FACTUAL
12   BASIS FOR YOUR GUILTY PLEA.
13              HAVE YOU HAD ENOUGH TIME TO DISCUSS THIS CASE WITH
14   YOUR LAWYER MS. YOON AND DISCUSS ALL POSSIBLE DEFENSES?
15              THE DEFENDANT:  YES.
16              THE COURT:  ARE YOU SATISFIED WITH HER
17   REPRESENTATION?
18              THE DEFENDANT:  YES.
19              THE COURT:  HAS ANYONE MADE ANY THREATS OR PROMISES
20   TO INDUCE YOU TO PLEAD GUILTY OTHER THAN THE PLEA AGREEMENT YOU
21   HAVE REACHED WITH THE GOVERNMENT?
22              THE DEFENDANT:  NO.
23              THE COURT:  MY COPY OF THE PLEA AGREEMENT SHOWS THAT
24   YOU SIGNED IT ON JULY 13TH.
25              (PAUSE IN PROCEEDINGS.)
```

```
 1                    MR. MITCHELL:  EXCUSE ME, YOUR HONOR.
 2                    THE COURT:  MY COPY DOESN'T SHOW HIM SIGNING IT.  AM
 3      I WRONG ABOUT THAT?
 4                    MR. MITCHELL:  MY COPY OF PAGE 15 SHOWS THAT HE
 5      SIGNED IT ON JULY 10TH, 2009.
 6                    THE COURT:  OH, I SEE.  IT'S AT THE TOP.  YOU'RE
 7      CORRECT.
 8                    AT PAGE 15 IT APPEARS THAT YOU SIGNED THE PLEA
 9      AGREEMENT ON JULY 10TH OF THIS YEAR; IS THAT CORRECT?
10                    THE DEFENDANT:  YES.
11                    THE COURT:  AND BEFORE YOU SIGNED IT, WAS THE PLEA
12      AGREEMENT TRANSLATED FOR YOU?
13                    THE DEFENDANT:  YES.
14                    THE COURT:  DID YOU UNDERSTAND IT?
15                    THE DEFENDANT:  YES.
16                    THE COURT:  DID YOU DISCUSS IT WITH MS. YOON?
17                    THE DEFENDANT:  YES.
18                    THE COURT:  AND, MS. YOON, ARE YOU SATISFIED FROM
19      YOUR DISCUSSIONS WITH YOUR CLIENT THAT HE FULLY UNDERSTANDS THE
20      PLEA AGREEMENT?
21                    MS. YOON:  YES, YOUR HONOR.
22                    THE COURT:  HAVE YOU TAKEN ANY DRUGS OR MEDICATIONS
23      IN THE LAST 24 HOURS WHICH IMPAIR YOUR ABILITY TO THINK
24      CLEARLY?
25                    THE DEFENDANT:  NO.
```

1             THE COURT:  I AM GOING TO ASK THE ASSISTANT UNITED
2    STATES ATTORNEY --
3             IS THAT YOU, MR. MITCHELL?
4             MR. MITCHELL:  YES, YOUR HONOR.
5             THE COURT:  -- TO REVIEW IN OPEN COURT CERTAIN PARTS
6    OF THE PLEA AGREEMENT, NAMELY, THE MAXIMUM PENALTY, THE
7    ELEMENTS OF THE OFFENSE, THE CONSTITUTIONAL RIGHTS THAT ARE
8    BEING WAIVED.  WOULD YOU DO THAT.
9             MR. MITCHELL:  YES, YOUR HONOR.
10            THE STATUTORY MAXIMUM SENTENCE THAT THE COURT CAN
11   IMPOSE FOR A VIOLATION OF TITLE 21, U.S.C. SECTION 846, IS LIFE
12   IMPRISONMENT, A LIFETIME PERIOD OF SUPERVISED RELEASE, A FINE
13   OF $4 MILLION, AND A MANDATORY SPECIAL ASSESSMENT OF $100.
14            ABSENT A DETERMINATION BY THE COURT THAT DEFENDANT'S
15   CASE SATISFIES THE CRITERIA SET FORTH IN 18 U.S.C. 3553(F) AND
16   THE UNITED STATES SENTENCING GUIDELINE SECTION 5C1.2, THE
17   STATUTORY MANDATORY MINIMUM SENTENCE THAT THE COURT MUST IMPOSE
18   FOR THIS VIOLATION OF TITLE 21, U.S.C. 846, IS TEN YEARS'
19   IMPRISONMENT, A FIVE-YEAR TERM OF SUPERVISED RELEASE, AND A
20   MANDATORY SPECIAL ASSESSMENT OF $100.
21            WOULD THE COURT ALSO LIKE ME TO DESCRIBE SUPERVISED
22   RELEASE FOR THE DEFENDANT.
23            THE COURT:  HAVE YOU EXPLAINED THAT TO HIM, MS.
24   YOON?
25            MS. YOON:  YES, I HAVE.

1          THE COURT: ALL RIGHT. YOU DON'T HAVE TO DO THAT.
2          MR. MITCHELL: IN ORDER FOR DEFENDANT TO BE GUILTY OF
3  COUNT ONE, WHICH CHARGES A VIOLATION OF TITLE 21, U.S.C. 846,
4  THE FOLLOWING MUST BE TRUE:
5          DEFENDANT ENTERED INTO AN AGREEMENT WITH AT LEAST ONE
6  OTHER PERSON TO COMMIT THE CRIME OF DISTRIBUTION OF HEROIN; AND
7          TWO, DEFENDANT BECAME A MEMBER OF THE CONSPIRACY
8  KNOWING OF AT LEAST ONE OF ITS OBJECTS AND INTENDING TO HELP
9  ACCOMPLISH IT.
10         MOREOVER, IN ORDER FOR DEFENDANT TO BE SUBJECT TO THE
11 STATUTORY MAXIMUM AND STATUTORY MINIMUM SENTENCE SET FORTH IN
12 THE PLEA AGREEMENT, THE GOVERNMENT MUST PROVE BEYOND A
13 REASONABLE DOUBT THAT IT WAS REASONABLY FORESEEABLE TO
14 DEFENDANT THAT THE SCOPE OF THE CONSPIRACY FOR WHICH DEFENDANT
15 WAS A PART INVOLVED THE DISTRIBUTION OF AT LEAST ONE KILOGRAM
16 OF A MIXTURE OR SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF
17 HEROIN, A SCHEDULE I NARCOTIC CONTROLLED SUBSTANCE.
18         BY PLEADING GUILTY DEFENDANT GIVES UP THE FOLLOWING
19 RIGHTS:
20         A.   THE RIGHT TO PERSIST IN A PLEA OF NOT GUILTY.
21         B.   THE RIGHT TO A SPEEDY AND PUBLIC TRIAL BY JURY.
22         C.   THE RIGHT TO THE ASSISTANCE OF LEGAL COUNSEL AT
23 TRIAL, INCLUDING THE RIGHT TO HAVE THE COURT APPOINT COUNSEL
24 FOR DEFENDANT FOR THE PURPOSE OF REPRESENTATION AT TRIAL.
25         IN THIS REGARD DEFENDANT UNDERSTANDS THAT DESPITE HIS

1  PLEA OF GUILTY HE RETAINS THE RIGHT TO BE REPRESENTED BY
2  COUNSEL AND, IF NECESSARY, TO HAVE THE COURT APPOINT COUNSEL IF
3  DEFENDANT CANNOT AFFORD COUNSEL AT EVERY OTHER STAGE OF THE
4  PROCEEDING.
5       D.  THE RIGHT TO BE PRESUMED INNOCENT AND TO HAVE THE
6  BURDEN OF PROOF PLACED ON THE GOVERNMENT TO PROVE DEFENDANT
7  GUILTY BEYOND A REASONABLE DOUBT.
8       E.  THE RIGHT TO CONFRONT AND CROSS-EXAMINE WITNESSES
9  AGAINST DEFENDANT.
10      F.  THE RIGHT IF DEFENDANT WISHED TO TESTIFY ON
11 DEFENDANT'S OWN BEHALF AND PRESENT EVIDENCE IN OPPOSITION TO
12 THE CHARGES, INCLUDING THE RIGHT TO CALL WITNESSES AND TO
13 SUBPOENA THOSE WITNESSES TO TESTIFY.
14      G.  THE RIGHT NOT TO BE COMPELLED TO TESTIFY.
15          AND IF DEFENDANT CHOSE NOT TO TESTIFY OR PRESENT
16 EVIDENCE, TO HAVE THAT CHOICE NOT BE USED AGAINST DEFENDANT.
17          BY PLEADING GUILTY DEFENDANT ALSO GIVES UP ANY AND
18 ALL RIGHTS TO PURSUE ANY AFFIRMATIVE DEFENSES, FOURTH AMENDMENT
19 OR FIFTH AMENDMENT CLAIMS AND OTHER PRETRIAL MOTIONS THAT HAVE
20 BEEN FILED OR COULD BE FILED.
21          THE COURT:  DID YOU UNDERSTAND THOSE CONSTITUTIONAL
22 RIGHTS THAT YOU'RE WAIVING, SIR?
23          THE DEFENDANT:  YES.
24          THE COURT:  MY COPY OF THE PLEA AGREEMENT SETS FORTH
25 A STIPULATION BETWEEN THE PARTIES IN PARAGRAPH 11 UNDER THE

1  CAPTION "FACTUAL BASIS" THAT THE PARTIES HAVE AGREED THAT THE
2  DEFENDANT DID COMMIT CERTAIN ACTS WHICH WARRANT A CONCLUSION
3  THAT HE'S GUILTY OF THE CRIME CHARGED.
4           THE COURT HAS READ THAT SECTION.  AND IT IS SATISFIED
5  THAT IT STATES A FACTUAL BASIS FOR THE GUILTY PLEA.
6           DID YOU, IN FACT, SIR, DO THE THINGS THAT ARE
7  DESCRIBED UNDER THE SECTION CAPTIONED "FACTUAL BASIS" IN THE
8  PLEA AGREEMENT?
9           THE DEFENDANT:  YES.
10          THE COURT:  AND ARE YOU GUILTY OF THAT CRIME?
11          THE DEFENDANT:  YES.
12          THE COURT:  ANY NECESSITY TO READ THAT IN OPEN COURT,
13 MS. YOON?
14          MS. YOON:  I'M SORRY?
15          THE COURT:  ANY NECESSITY TO READ THAT IN OPEN
16 COURT?
17          MS. YOON:  NO, YOUR HONOR.
18          THE COURT:  AND THE PLEA AGREEMENT ALSO SETS FORTH
19 THE COLLATERAL CONSEQUENCES OF THE GUILTY PLEA.  AND THEY'RE
20 SET OUT AT PARAGRAPHS 8, 9, AND 10.  ESSENTIALLY, THAT THE
21 DEFENDANT WILL GIVE UP VALUABLE GOVERNMENT BENEFITS AND CIVIC
22 RIGHTS, INCLUDING THE RIGHT TO VOTE, POSSESS A FIREARM, HOLD
23 OFFICE, AND SERVE ON A JURY.
24          IS HE A CITIZEN OF THE UNITED STATES?
25          MS. YOON:  NO, YOUR HONOR.

1          THE COURT:  THEN HE WILL BE SUBJECT TO DEPORTATION
2   AND THE LOSS OF ANY GOVERNMENT BENEFIT PROGRAMS SUCH AS FOOD
3   STAMPS, WHICH MAY ALSO AFFECT HIS FAMILY'S RIGHT TO CONTINUE TO
4   GET SUCH BENEFITS.
5          IS HE ON PAROLE OR PROBATION FOR ANY OTHER OFFENSE?
6          MS. YOON:  I DON'T BELIEVE SO, YOUR HONOR.
7          THE COURT:  IF HE IS, HIS GUILTY PLEA HERE COULD
8   AFFECT HIS STATUS IN THOSE MATTERS.
9          WHAT IS YOUR UNDERSTANDING, MS. YOON, OF THE PLEA
10  AGREEMENT AND THE LIMITED WAIVER OF APPEAL.  CAN YOU SUMMARIZE
11  IT.
12         MS. YOON:  CERTAINLY.
13         MY UNDERSTANDING OF THE PLEA AGREEMENT IN TERMS OF
14  THE SENTENCING RECOMMENDATION IS SET FORTH IN PARAGRAPHS 13,
15  14, 15, 16, AND 17, WHICH IS THAT THE PARTIES AGREE TO AN
16  INITIAL OFFENSE LEVEL OF 32; THAT MR. PEREZ CUEVAS WILL RECEIVE
17  A THREE-LEVEL REDUCTION FOR ACCEPTANCE OF RESPONSIBILITY,
18  ASSUMING HE DOESN'T VIOLATE ANY OF HIS RESPONSIBILITIES INTO
19  THE AGREEMENT; AND THAT THE GOVERNMENT WILL AGREE TO RECOMMEND
20  -- WELL, STRIKE THAT LAST SENTENCE.
21         WE ALSO AGREE THAT MR. PEREZ CUEVAS IS NOT AN
22  ORGANIZER OR MANAGER IN THIS CASE, AND THAT THERE WAS NO BODILY
23  INJURY OR DEATH TO ANYONE INVOLVED, OR THAT THERE WAS NO
24  VIOLENCE OR CREDIBLE THREATS OF VIOLENCE, OR POSSESSION OF A
25  FIREARM OR OTHER DANGEROUS WEAPON.

```
 1              THE COURT:  IS THAT A FAIR STATEMENT OF THE PLEA
 2    AGREEMENT, SIR?  MR. MITCHELL.
 3              MR. MITCHELL:  YES, YOUR HONOR.  I BELIEVE THAT IS.
 4              THE COURT:  AND WHAT ABOUT THE LIMITED WAIVER OF
 5    APPEAL.  WHAT DOES THAT SAY?
 6              MR. MITCHELL:  YOUR HONOR, THE DEFENDANT HAS WAIVED
 7    ALL HIS RIGHTS TO APPEAL PROVIDED THAT THE COURT FINDS THAT THE
 8    TOTAL OFFENSE LEVEL IS NOT GREATER THAN 29.
 9              HE DOES RETAIN THE RIGHT TO APPEAL HIS CRIMINAL
10    HISTORY CATEGORY.
11              THE COURT:  I SEE.
12              IS THAT CORRECT, MS. YOON?
13              MS. YOON:  YES, YOUR HONOR.
14              THE COURT:  ANY OTHER MATTERS THAT NEED TO BE
15    ADDRESSED?
16              MS. YOON:  I DON'T BELIEVE SO.
17              THE COURT:  THEN THE COURT HAVING HEARD AND OBSERVED
18    THE DEFENDANT, THE COURT IS SATISFIED THAT THE GUILTY PLEA IS
19    FREELY AND VOLUNTARILY MADE.  THERE IS A FACTUAL BASIS FOR THE
20    GUILTY PLEA.  THE GUILTY PLEA IS ACCEPTED.
21              AND THE DEFENDANT IS REFERRED TO THE PROBATION
22    DEPARTMENT FOR PREPARATION OF A PRESENTENCE REPORT WITH THE
23    SENTENCING TO OCCUR ON --
24              THE CLERK:  OCTOBER 5TH, 2009 AT ELEVEN O'CLOCK.
25              MS. YOON:  THANK YOU.
```

1          MR. MITCHELL:  THANK YOU, YOUR HONOR.

2          (PROCEEDINGS ADJOURNED AT 10:28 A.M.)

3

4                    REPORTER'S CERTIFICATE

5

6

7     I HEREBY CERTIFY THAT THE FOREGOING IS A CORRECT

8 TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED

9 MATTER.

10

11                                    DATE:

12

13

14
                                  MARGARET JEAN BABYKIN, CSR NO. 10466
15

16

17

18

19

20

21

22

23

24

25